UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERTA J. HESS *ex rel.*<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE NEBRASKA MEDICAL CENTER,<br>a Nebraska nonprofit corporation,<br><br>　　　　　　　　Defendant. | Case No. 8:17-cv-00340<br><br><br>**PROTECTIVE ORDER** |

This matter is before the Court on the Joint Motion for Entry of Protective Order. ([Filing No. 26](#).) The motion is granted. Accordingly, a Protective Order is entered as follows:

1. All documents produced by the parties or otherwise revealed, disclosed or examined in the course of this litigation, and all testimony given by the witnesses in this litigation (the term "testimony" includes, for purposes of this Order, deposition testimony, affidavits and answers to interrogatories and to requests for admissions), which are designated "Confidential Information" as set forth herein shall be used by the parties solely for the purpose of preparation, trial, appeal, or settlement of this litigation and for no other purpose whatsoever and shall not be used by, or disclosed to, any person except Qualified Persons as defined below, except by order of this Court.

2. Any documents filed in this litigation that have been designated, in whole or in part, as Confidential Information, as defined below, by any of the parties producing said information shall be filed as sealed documents in compliance with the local rules of this Court.

3. "Confidential Information", as used herein, means any information of any type, kind, or character involved in this litigation that is designated as confidential by any party

supplying the information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed in response to requests for admissions, or information revealed otherwise.

4. Documents and other information produced by a party may be designated as "Confidential Information" by marking the pages containing such information substantially as follows:

**CONFIDENTIAL**

Other materials and information not capable of being so marked shall be designated as "Confidential" by the best means practicable and described generally in a letter to all parties.

5. "Qualified Persons", as used herein, means:

(a) Attorneys of record and employees of such attorneys whose access to Confidential Information is necessary for purposes of preparation, trial, appeal, or settlement of this litigation;

(b) A party's in-house counsel and his or her legal staff and employees, whose access to Confidential Information is necessary for the purposes of preparation, trial, appeal, or settlement of this litigation;

(c) Independent third parties retained or used by attorneys of record in this litigation solely for the purposes of preparation, trial, appeal, or settlement of this litigation;

(d) Named parties and officers and employees of parties, who are working on this litigation and to whom it is necessary that Confidential Information be shown for purposes of preparation, trial, appeal, or settlement of this litigation;

(e) Court reporters employed for this litigation;

(f) Any other person who is designated as a Qualified Person by written agreement of the parties, or by Order of this Court after notice to the parties and opportunity to be heard; and

(g) The Court and court staff.

6. Information disclosed at a deposition may be designated by any party as "Confidential Information" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Additionally, and alternatively, any party may also designate information disclosed at such deposition as confidential by notifying all counsel in writing, within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that are deemed confidential.

7. The inadvertent or unintentional disclosure of Confidential Information that has not been designated "Confidential Information" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; and designation of Confidential Information hereunder may be made at any time to be effective upon and after such designation except as otherwise provided herein.

8. Pursuant to Fed. R. Evid. 502(d), any document subject to the attorney-client privilege, work-product privilege, or other privilege recognized by law that is exchanged at any time between the parties in connection with this litigation shall in no way be construed as a waiver (either explicit or implicit) of any such privilege with respect to the particular document or the subject matter implicated therein. To the extent any party is notified by the producing party that a produced document is privileged ("Inadvertently Produced Document"), then all copies of the Inadvertently Produced Document shall be returned to the producing party, all notes or other work

product of the receiving party reflecting the contents of the same shall be destroyed, and such returned or destroyed materials shall be deleted from any litigation-support or other database. Notwithstanding the immediately preceding provisions of this paragraph, a party receiving an Inadvertently Produced Document may move the Court to dispute the claim of privilege. If the receiving party elects to file such a motion, the receiving party shall file the Inadvertently Produced Document under seal with the Court and may retain possession of any notes or other work product of the receiving party reflecting the contents of the same pending the resolution of the motion. If the Court denies the receiving party's motion, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph. No use shall be made of an Inadvertently Produced Document during depositions or at trial, nor shall it be disclosed to anyone who was not given access to it prior to the request to return or destroy it, unless the parties agree otherwise or the Court orders that the Inadvertently Produced Document is not protected. This paragraph shall survive the conclusion of the above-referenced litigation.

9. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining additional protection with respect to the confidentiality of documents or other discovery material or relief from or under this Protective Order with respect to particular material designated hereunder as confidential.

10. In the event that any of the parties disagree with the designation by the designating party of any information as Confidential Information, or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. The parties may, by written stipulation, provide for exceptions to this Order and any of them, after notice to all parties, may seek an Order of this Court modifying this Protective Order.

This Order shall be without prejudice to any party to bring before the Court at any time the question of whether any particular information is or is not, in fact, Confidential Information; upon notice and hearing, the party asserting the designation of confidential shall have the burden of proof.

11. In the event that a party wishes to use Confidential Information in affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such information shall be treated confidentially in accordance with this Order and filed and maintained under seal with the Court. Summaries and redacted documents that maintain the confidentiality of information need not be filed under seal.

12. The use of Confidential Information in hearings and at trial shall be as ordered by the Court.

13. Within 30 days after the conclusion of this litigation, all documents, including deposition transcripts, designated as Confidential Information, and all photocopies or other copies thereof, as well as all Confidential Information derived in any way therefrom, shall be returned to the party who disclosed, revealed or produced same, except as this Court may otherwise order, or destroyed pursuant to the document retention policies of each party. Nothing in this order will limit counsel for the parties to retain a client file pursuant to their respective document retention policies. This provision of this Protective Order shall continue to be effective after the conclusion of this litigation. This provision does not apply to documents filed in the CM/ECF system.

14. Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of documents subject to this Order.

15. No mention of this Protective Order or its entry by the Court shall be made in the presence of the jury, without leave of the Court.

16. This Protective Order and its signature pages may be executed in multiple counterparts by one or more of the parties and all such counterparts so executed shall together be deemed to constitute one final agreement, as if one document had been signed by all parties hereto.

DATED this 27th day of November, 2018.

**BY THE COURT:**

**s/ Susan M. Bazis**
**United States Magistrate Judge**